COWART, Judge.
The defendant North was tried on an indictment charging him with: Count I, burglary of a dwelling (§ 810.02(2)(a), Fla. *898 Stat.), Count II, robbery (§ 812.13(1) & (2)(c), Fla.Stat.), Count III, sexual battery (§ 794.011(3), Fla.Stat.), and Count IV, first degree murder (§ 782.04(1)(a)1 & 2, Fla. Stat., murder from premeditated design to effect death or murder while engaged in the perpetration of, or attempt to perpetrate, burglary). As to the first degree murder count, the trial judge submitted to the jury a standard general verdict form providing for a finding of either (1) guilty as to first degree murder, (2) guilty as to second degree murder, (3) guilty as to manslaughter, or (4) not guilty. The main problem in this case results from the fact that the trial defense counsel persuaded the trial court to cause the murder verdict form to provide, under the finding of guilty as to first degree murder, a “special findings” by the jury as to whether the defendant North did or did not intend the death of the victim and as to whether the victim’s death was, or was not, “reasonably foreseeable” as a result of defendant North’s conduct. The jury made the general finding that the defendant was guilty of first degree murder and marked the block making the special finding that North did not intend the death of the victim and the victim’s death was not reasonably foreseeable as a result of the defendant North’s conduct. The two special findings referred to above resulted from the fact that defense counsel persuaded the trial judge that such findings were necessitated by the recent case of Tison v. Arizona, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987), in order to evaluate the penalty in light of Eighth Amendment considerations. This was incorrect, since Florida has resolved any problem in this area by the enactment of Chapter 71-136, Laws of Florida (1971), now codified as section 782.04(3), Florida Statutes (1987). Moreover, such considerations are not relevant during the guilt (as opposed to penalty) phase of a murder trial.
The defendant North contends he cannot be found guilty of first degree felony murder because section 782.04(3) makes it murder in the second degree when the death is caused “by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony.” The singular form of the articles “a person” and “the person” in the second degree murder statute does not mean that two persons present and committing an underlying felony can not combine efforts and kill another and both be guilty of first degree felony murder. In this case, both North and Mack were “engaged in the perpetration of” the underlying burglary felony.[1] The jury found that North was guilty of first degree murder based upon proper jury instructions defining that crime and the evidence to which they chose to give weight. That jury finding should not be overruled on appeal by judicial speculation as to meaning and result of the “special findings” that were legally inapplicable and inappropriate to the determination of guilt and were erroneously given to the jury.
There was substantial competent evidence to support North’s conviction of sexual battery either as principal or as aider and abetter to Mack.
The defendant North’s convictions for first degree murder and sexual battery are
AFFIRMED.
COBB and DANIEL, JJ., concur.

. Section 782.04(3) provides:
(3) When a person is killed in the perpetration of, or in the attempt to perpetrate, any:
(a) Trafficking offense prohibited by s. 893.-135(1),
(b) Arson,
(c) Sexual battery,
(d) Robbery,
(e) Burglary,
(f) Kidnapping,
(g) Escape,
(h) Aggravated child abuse,
(i) Aircraft piracy, or
(j) Unlawful throwing, placing, or discharging of a destructive device or bomb by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony is guilty of murder in the second degree, which constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084. (Emphasis added.)